**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 11-399-JBC**

**BOBBY RAY LADY,**                                                                                          **PLAINTIFF,**

**V.**                         **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE,**                                                                                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Bobby Lady's appeal of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB"). The court will grant the Commissioner's motion, R. 15, and deny Lady's motion, R. 11, because substantial evidence supports the administrative decision.

At the date of the alleged onset of disability, Lady was a fifty-year-old male with a limited education who could communicate in English. AR 19. Prior to the alleged disability, Lady worked as an over-the-road truck driver and an automotive mechanic. *Id*. He alleged disabled status beginning March 4, 2009, as a result of diabetes, arthritis and chronic low back pain. AR 122, 148. Lady filed his claim for DIB on September 4, 2009. AR 122. The claim was denied initially on January 12, 2010, AR 55, and upon reconsideration on February 25, 2010, AR 56. After a hearing on October 5, 2010, Administrative Law Judge ("ALJ") Don C. Paris determined that Lady is not disabled under Section 1614(a)(3)(A) of the Social Security Act. AR 20. Under the traditional five-step analysis, *see Preslar v. Sec.*

1

*of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994), the ALJ determined that Lady had not engaged in substantial gainful activity since April 27, 2009, AR 14; that he had severe impairments, including obesity, left shoulder rotator cuff tear, cervical radiculopathy, and left knee osteoarthritis, *id*.; that the impairments, either alone or in combination, did not meet or equal a Listing in the Listing of Impairments, AR 15; that he had the residual functional capacity ("RFC") to perform a restricted range of light level work, *id.*, but could not perform his past relevant work, AR 19; and that based on his RFC, a significant number of other jobs exist in the national economy which he can perform, *id*. Thus, the ALJ denied his claim on October 22, 2010. AR 20. The Appeals Council denied Lady's request for review on October 7, 2011, AR 1-3, and he commenced this action.

Lady challenges the ALJ's ruling on the following grounds: (1) the ALJ erred by failing to find that he met or equaled the requirements of Section 1.04A of the Listing of Impairments concerning disorders of the spine; (2) the ALJ erred by miscalculating the amount of weight he could frequently lift and carry; (3) the ALJ misconstrued the opinion of Dr. David Winkle and erred in relying upon it; (4) the ALJ erred in relying upon Lady's non-compliance with recommended medical treatment to find his credibility diminished; and (5) the ALJ erred by failing to give sufficient weight to the opinion of Dr. Ritchie Van Bussum, a treating source, that he needed to be off work.

The ALJ properly determined that Lady did not meet or equal the requirements of Section 1.04A concerning disorders of the spine. Lady notes that

he has been diagnosed with a herniated nucleus pulposus ("HNP") at C6-C7, AR 248, 273, with evidence of nerve root compression, AR 248, 251-259. These findings arguably meet the threshold requirement of the Listing which can be satisfied by a showing of an HNP resulting in compromise of a nerve root or the spinal cord. 20 C.F.R. Chapter III, Part 404, Subpart P, Appendix 1 Section 1.04A. However, a claimant must also show "evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss . . . ." Lady cites findings concerning sensory loss by his physical therapist at the Kort Bryan Station Clinic, AR 223-244, and Dr. Thomas Menke, an examining consultant, AR 248, as support for his claim of meeting the Listing. However, a physical therapist is not an "acceptable medical source" whose opinion could be relied upon to support the existence of a disabling impairment. 20 C.F.R. § 404.1513. Furthermore, while Lady complained of numbness to Dr. Menke, the physician did not report any sensory deficits during his physical examination. AR 248. Dr. Winkle, another consultative examiner, reported finding no sensory losses during his examination. AR 318. Lady fails to cite evidence of atrophy with associated muscle weakness, another requirement to meet the Listing. Dr. Winkle specifically indicated finding no muscle atrophy upon physical examination. AR 319. The ALJ cited the opinion of Dr. Lisa Beihn, a non-examining medical reviewer who did not opine that a Listing section had been met or equaled, in support of his finding on this issue. AR 15, 331-338. The ALJ also

3

noted that Lady's treating physicians did not provide findings equivalent in severity to the criteria of a Listing section. AR 15. Lady has not challenged this assertion with citation of findings from treating sources such as Dr. Van Bussum, AR 250-276, Dr. Wendell Miers, AR 277-305, and the staff at the Nathaniel Mission Free Health Clinic, AR 339-351. The court therefore finds no error.

Lady asserts that the ALJ erred in formulating the RFC in which the claimant was found to be able to lift twenty pounds occasionally and 120 pounds frequently. AR 15. The ALJ also reported finding Lady limited to light-level work, *Id.*, which is defined as work requiring lifting up to twenty pounds occasionally and ten pounds frequently. 20 C.F.R. § 404.1567(b). In presenting the hypothetical question to Vocational Expert ("VE") Betty Hale, the ALJ restricted the individual to lifting twenty pounds occasionally and ten pounds frequently. AR 49. Thus, the 120-pound frequent-lifting weight was apparently a typographical error, making a remand on this issue inappropriate.

Lady makes a number of assertions that the ALJ erred in dealing with the opinion of Dr. Winkle, an examining consultant. The ALJ indicated that Dr. Winkle noted Lady "had no difficulty moving about the examining room." AR 17. However, Lady asserts that the doctor actually stated that "he moves about the examination room today using no assistive devices and without any obvious gait disturbances." AR 320. This appears to be a distinction without much difference. While Dr. Winkle indicated that prolonged walking might bother Lady, AR 320, this vague limitation is not more restrictive than the ALJ's RFC finding which limited

4

him to no prolonged standing or walking in excess of forty-five minutes without interruption. AR 15.

Lady argues that the ALJ misconstrued the opinion of Dr. Winkle concerning his ability to bend and stoop. The doctor somewhat vaguely stated, "I think bending and stooping may present problems for him." AR 320. Lady suggests that the ALJ failed to credit this opinion because of testimony he gave at the hearing stating that he could bend and stoop to get out of an automobile, which the plaintiff asserts should not be construed to relate to his work capabilities. AR 18. The ALJ's RFC finding included limitations concerning stooping and other forms of bending which are consistent with Dr. Winkle's opinion and which were included in the hypothetical question presented to the VE. AR 15, 49. Thus, the court finds no error.

Lady notes that treatment records from the Nathaniel Mission Free Clinic reported that his legs are weak and that he suffers from bilateral knee pain and leg weakness. AR 344. He asserts that these findings suggest a deterioration in his condition since Dr. Winkle examined him in December of 2009, making reliance upon the doctor inappropriate. However, the clinic staff did not identify more severe specific physical limitations than those found by the ALJ. AR 339-351. Thus, the ALJ properly relied upon the opinion of Dr. Winkle.

The ALJ cited Dr. Winkle's report as evidence that Lady's alleged symptoms were not supported by objective evidence. AR 18. Lady argues that this action was inappropriate because the doctor's diagnosis listed multiple objective findings

5

such as back pain secondary to degenerative joint disease, neck pain secondary to degenerative disc disease with a herniated disc at C6-C7, left rotator cuff tear and osteoarthritis involving the hands, knees, and shoulders.  AR 319.  The mere diagnosis of a condition does not prove its severity; its disabling effects must still be shown.  *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).  Dr. Winkle restricted Lady to medium-level work, with some difficulty regarding bending, stooping, kneeling, squatting, and crawling.  AR 320.  In addition, prolonged walking and standing were restricted.  *Id*. The ALJ's findings were compatible with these limitations.  Therefore, Dr. Winkle's opinion does not support the existence of more severe physical restrictions than were found by the ALJ.

Lady argues that the ALJ erred in citing non-compliance with medical treatment as a factor in the credibility assessment because he had not always filled his medications and declined surgery recommended by Dr. Menke concerning his herniated disc at C6-C7.  AR 18.  Lady notes that he lost his insurance, AR 341, and asserts that the ALJ's finding concerning non-compliance with treatment was inappropriate.  However, the ALJ cited a number of other factors which were considered in assessing Lady's credibility, including the lack of significant clinical abnormalities, his daily activities, and the medical opinions of Dr. Winkle and Dr. Beihn.  AR 16-18.  Despite Lady's problems obtaining treatment, Dr. Winkle and Dr. Beihn still reported fairly modest physical restrictions.  AR 320, 331-338.  Therefore, any error appears harmless.

6

Lady argues that the ALJ erred by failing to give proper deference to the opinion of Dr. Van Bussum, a treating physician. While Dr. Van Bussum did not identify specific functional restrictions, he noted on several occasions that Lady should be off work. AR 255, 259, 261. Lady asserts that these statements contradict the ALJ's finding that the record lacked an opinion concerning his ability to perform work activities. AR 18. However, these restrictions were temporary, for one or two weeks, rather than permanent. Furthermore, Dr. Van Bussum did not identify more severe physical restrictions than those found by the ALJ. At most, these opinions would go to the ultimate issue of disability and, so, would not be binding on the ALJ. 20 C.F.R. § 1527(e)(1). Thus, the court finds no error.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Lady's motion for summary judgment, R. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 15, is **GRANTED**.

The court will enter a separate judgment.

Signed on December 20, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY